UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| GREGORY ALLEN MONROE,<br><br>Plaintiff,<br><br>vs.<br><br>YANKTON SIOUX HOUSING AUTHORITY, TRIBAL OFFICIALS, KIM ZEPHIER, CRISTY JANDREAU, WILLOW FISCHER, JUDGE BUCHER, CHARLES MIX COUNTY JUDGE; SHERIFF'S DEPARTMENT, ATTORNEY TIM WAYLAND,<br><br>Defendants. | 4:25-CV-04113-ECS<br><br><br>ORDER DENYING REQUEST FOR EX PARTE TEMPORARY RESTRAINING ORDER |

On June 26, 2025, Monroe filed a pro se Complaint that includes, among other things, a request for an ex parte temporary restraining order ("TRO") to stay an eviction. Doc. 1 at 2. On May 30, 2025, Defendant Yankton Sioux Housing Authority ("YSHA"), a tribal entity that Monroe alleges administers a federally funded housing program with the assistance of the United States Department of Housing and Urban Development ("HUD"), delivered a Notice of Eviction to Colleen Fischer, Monroe's girlfriend. See Doc. 1 at 4; 1-2 at 152. The Notice of Eviction explained that Fischer's apartment tested positive for an "extremely dangerous level of methamphetamine" and that YSHA "will terminate a lease . . . any time a meth test result is above 2.5 micrograms per 100 centimeters, or when there is other evidence that a meth lab is

1

being operated in the unit or that meth is being used or distributed by the YSHA participant."[1] Doc. 1-2 at 152. Monroe claims that he and Fischer will suffer irreparable harm if Defendants are allowed to evict them. Doc. 1 at 2.

First, Monroe's TRO request must be denied because it appears he lacks standing to pursue this claim. Federal Courts have an independent obligation to assess whether it has jurisdiction before proceeding with a case. Lance v. Coffman, 549 U.S. 437, 439 (2007) ("Federal courts must determine that they have jurisdiction before proceeding to the merits."). "Standing is a jurisdictional requirement that can be raised by the court sua sponte at any time during the litigation." Moon v. Portfolio Recovery Assocs., LLC, No. 23CV1195, 2024 WL 473770, at *4 (E.D. Mo. Feb. 7, 2024) (citing Delorme v. United States, 354 F.3d 810, 815 (8th Cir. 2004) (stating that "[s]trict compliance with this jurisdictional standing requirement is mandated")).

"Generally, to satisfy the standing requirement, a plaintiff 'must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" Id. (quoting Warth v. Seldin, 422 U.S. 490, 499 (1975)). As such, a pro se litigant "lacks standing to bring claims on behalf of others." Id. As a non-attorney and a self-represented litigant, Monroe cannot represent someone other than himself in federal court. 28 U.S.C. § 1654 (stating that "parties may plead and conduct their own cases personally or by

---

[1] Included as an exhibit to Monroe's Complaint is a letter from Fischer accepting responsibility for violating the terms of her lease agreement:
    To whom it may concern, I am writing in regard to the eviction notice dated May 30, 2025. I want to formally acknowledge that I had knowledge of drug use that occurred within my residence. I understand the seriousness of this issue and the violation it represents under the terms of my lease and housing regulations.
Doc. 1-3 at 20.

counsel"); see also United States v. Kuyper, No. 11CV4170, 2012 WL 4718672, at *2 (D.S.D. Oct. 3, 2012); Moon, 2024 WL 473770, at *4.

The Yankton Sioux Housing Authority addressed the Notice of Eviction to Ms. Fischer, not Monroe. Doc. 1-2 at 152. And Monroe has not included a copy of the lease agreement showing that he is a party to it, nor does he set forth facts in his Complaint claiming to be a party to the agreement. See Doc. 1. Put differently, Monroe has not shown that he is asserting his own legal rights under the lease agreement. See id. Thus, he lacks standing to enjoin any eviction proceeding that the Yankton Sioux Housing Authority initiates against Fischer.

Also, Fischer cannot, at present, seek an ex parte TRO for herself because she is not a party to this case. While Monroe's Complaint may list Fischer as a "plaintiff," she did not sign any part of the Complaint or the JS 44 Civil Cover Sheet. See Doc. 1 at 1–13. See Clay v. Purkett, No. 06-CV-1859, 2007 WL 107758, at * 1 (E.D. Mo. Jan. 9, 2007) ("Under Rule 11(a) of the Federal Rules of Civil Procedure, each pro se party in the case must sign the complaint in order to properly bring this action before the Court."); Ortiz-Diaz v. Social Sec., 17-CV-7532, 2018 WL 791256, at *2 (E.D.N.Y Feb. 7, 2018) (citing Rule 11(a) for the proposition that "[a]ll pro se plaintiffs in a lawsuit must sign the complaint"); De-Amor v. Cabalar, No. 15-00468, 2015 WL 8289399, at *1 n.1 (D. Haw. Nov. 16, 2015) (stating that "all pro se plaintiffs must sign every pleading or other document submitted to the court"). For this reason, Fischer is not, at this moment, a plaintiff in this lawsuit.[2]

---

[2] Even if Fischer were a plaintiff to this lawsuit, neither her nor Monroe has paid the filing fee for a civil case and only Monroe has sought leave to proceed in forma pauperis. Thus, before this Court could entertain Fischer's request for a TRO, she would need to pay the filing fee or seek leave to proceed in forma pauperis, which again, she has not done.

3

Second, Courts may enter an ex parte TRO only when certain criteria are met: Federal Rule of Civil Procedure 65(b) permits courts to issue a TRO without notice only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice." Fed. R. Civ. P. 65(b). An affidavit is "[a] voluntary declaration of facts written down and sworn to by a declarant, usu[ally] before an officer authorized to administer oaths." Lepp v. Mallet, No. 25-10214, 2025 U.S. Dist. LEXIS 76954, at *11 (E.D. Mich. Mar. 18, 2025) (quoting Affidavit, Black's Law Dictionary (12th ed. 2024)). And "[n]otarization is a 'well-established criterion for the legal sufficiency of an affidavit.'" Id. (quoting LeVay v. Morken, 590 F. Supp. 3d 1037, 1042 (E.D. Mich. 2022)). Similarly, "a verified compliant is one signed under penalty of perjury." Id. (quoting El Bey v. Roop, 530 F.3d 407, 414 (6th Cir. 2008)). As explained in 28 U.S.C. § 1746(2), if a complaint does not come with a notarized affidavit, to qualify as a verified complaint, it must include a subscription that substantially complies with the follow form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)."

Although Monroe's Complaint is titled "verified complaint," he does not satisfy the procedural requirements for an ex parte TRO. See Doc. 1. He did not include with his Complaint a notarized affidavit, and his Complaint includes no statement declaring under the penalty of perjury that its content is true and correct. See id. To the contrary, the first page of Monroe's Complaint actually warns that it "may [contain] some inaccurate detail." Id. at 1. And, even if Monroe's Complaint were verified, he has not "certifie[d] in writing any efforts made to give notice [to Defendants] and the reasons why [notice] should not be required." Fed.

4

R. Civ. P. 65(b)(1)(B). Thus, Monroe has not complied with the procedural requirements necessary under Rule 65 for this Court to issue an ex parte TRO.

For these reasons, it is hereby

ORDERED that Petitioner's emergency request for an ex-parte temporary restraining order, Doc. 1, is denied.

DATED this 30th day of June, 2025.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE