UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| GREGORY ALLEN MONROE,<br><br>Plaintiff,<br><br>vs.<br><br>YANKTON SIOUX HOUSING AUTHORITY, TRIBAL OFFICIALS, KIM ZEPHIER, CRISTY JANDREAU, WILLOW FISCHER, JUDGE BUCHER, CHARLES MIX COUNTY JUDGE; SHERIFF'S DEPARTMENT, ATTORNEY TIM WAYLAND,<br><br>Defendants. | 4:25-CV-04113-ECS<br><br><br>OPINION AND ORDER DENYING VARIOUS MOTIONS |

On June 26, 2025, the plaintiff, Gregory Allen Monroe ("Monroe"), filed a pro se Complaint that sought, among other things, an ex parte temporary restraining order ("TRO") to stay an eviction. Doc. 1 at 2. He also moved for leave to proceed in forma pauperis. Doc. 2. On June 30, 2025, this Court entered an order denying his request for a TRO because (1) he lacked standing to pursue a TRO, and (2) his request did not comply with Federal Rule of Civil Procedure 65(b).

This Court determined that Monroe lacked standing because he was not asserting "his own legal rights and interests," and he could "not rest his claim to relief on the legal rights or interests of third parties." Doc. 5 at 2. The eviction notice attached to Monroe's Complaint was addressed only to Colleen Fischer, not Monroe. Although Monroe included Colleen Fischer's name in the caption of his pro se complaint, she did not sign any part of the Complaint or the JS

1

44 Civil Cover Sheet. Doc. 1 at 1–13; Doc. 5 at 3. As a non-attorney and a self-represented litigant, Monroe cannot represent someone other than himself in federal court. 28 U.S.C. § 1654; Doc. 5 at 2.

This Court further determined that Monroe's Complaint, although captioned as a verified complaint, failed to satisfy the procedural requirements for an ex parte TRO under Federal Rule of Civil Procedure 65(b). Doc. 5 at 4. He did not include with his Complaint a notarized affidavit, and his Complaint made no statement declaring under the penalty of perjury that its content was true and correct. Id.; see also Doc. 1. Instead, quite the opposite was true: the first page of his Complaint warned that it "may [contain] some inaccurate detail." Doc. 1 at 1. He also did not "certif[y] in writing any efforts made to give notice [to Defendants] and the reasons why [notice] should not be required." Doc. 5 at 4 (quoting Fed. R. Civ. P. 65(b)(1)(B)).

I.   Motion for Preliminary Injunction

Shortly after this Court entered its Order, Monroe moved for a Preliminary Injunction, Doc. 7, seeking "an immediate injunction preventing the Yankton Sioux Housing Authority ("YSHA") from proceeding with an eviction at 638 White Swan Rd, Lake Andes, SD 57356." In addition to requesting a preliminary injunction, Monroe once again asks for "a Temporary Restraining Order (TRO) against YSHA to halt any eviction proceedings." Doc. 7 at 2.

As this Court previously explained, Monroe has not demonstrated standing to pursue this action. A federal court has an independent obligation to assess whether it has jurisdiction before proceeding with a case. Lance v. Coffman, 549 U.S. 437, 439 (2007) ("Federal courts must determine that they have jurisdiction before proceeding to the merits."). "Standing is a jurisdictional requirement that can be raised by the court sua sponte at any time during the litigation." Moon v. Portfolio Recovery Assocs., LLC, No. 23CV1195, 2024 WL 473770, at *4

(E.D. Mo. Feb. 7, 2024) (citing Delorme v. United States, 354 F.3d 810, 815 (8th Cir. 2004) (stating that "[s]trict compliance with this jurisdictional standing requirement is mandated")).

"Generally, to satisfy the standing requirement, a plaintiff 'must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" Id. (quoting Warth v. Seldin, 422 U.S. 490, 499 (1975)). As such, a pro se litigant "lacks standing to bring claims on behalf of others." Id. As a non-attorney and a self-represented litigant, Monroe cannot represent someone other than himself in federal court. 28 U.S.C. § 1654 (stating that "parties may plead and conduct their own cases personally or by counsel"); see also United States v. Kuyper, No. 11CV4170, 2012 WL 4718672, at *2 (D.S.D. Oct. 3, 2012); Moon, 2024 WL 473770, at *4.

Monroe's Motion for a Preliminary Injunction does not cure his lack of standing. Again, Monroe has not included a copy of the lease agreement showing that he is a party to the lease, nor has he set forth facts in his Complaint claiming to be a party to the agreement. See Doc. 1. As such, Monroe has not shown that he is asserting his own legal rights under the lease agreement. See id. He, therefore, lacks standing to enjoin any eviction proceeding that the Yankton Sioux Housing Authority initiates against Fischer.

Additionally, Colleen Fischer continues to not be a plaintiff in this lawsuit. The caption to Monroe's most recent motion lists only himself as plaintiff in this case. To be sure, even the first line of his motion states, "COMES NOW the Plaintiff, Gregory Monroe, appearing pro se, and respectfully moves this Honorable Court for a preliminary injunction . . . ." Doc. 7 at 1. Although Monroe once again hand writes Colleen Fischer's name next to the word "Plaintiff" in the motion's factual background section, that is not enough to make her a party to this suit. See Clay v. Purkett, No. 06-CV-1859, 2007 WL 107758, at * 1 (E.D. Mo. Jan. 9, 2007) ("Under Rule

11(a) of the Federal Rules of Civil Procedure, each pro se party in the case must sign the complaint in order to properly bring this action before the Court."); Ortiz-Diaz v. Social Sec., 17-CV-7532, 2018 WL 791256, at *2 (E.D.N.Y Feb. 7, 2018) (citing Rule 11(a) for the proposition that "[a]ll *pro se* plaintiffs in a lawsuit must sign the complaint"); De-Amor v. Cabalar, No. 15-00468, 2015 WL 8289399, at *1 n.1 (D. Haw. Nov. 16, 2015) (stating that "all pro se plaintiffs must sign every pleading or other document submitted to the court"). Fischer still has not signed any part of the Complaint or the JS 44 Civil Cover Sheet. Nor has she paid the filing fee for a civil case or sought this Court's leave to proceed in forma pauperis. Thus, Fischer is not a plaintiff in this lawsuit, and Monroe—as a pro se litigant—cannot represent her interests.

Monroe also has not demonstrated compliance with Federal Rule of Civil Procedure 65. Under Rule 65(a), a "court may issue a preliminary injunction only on notice to the adverse party." Monroe has not shown that he provided notice to Defendants. See Doc. 7. Under the "Certificate of Service" section of his motion, Monroe certifies that he mailed "a true and correct copy of the foregoing Motion for Injunctive Relief . . . to: [The] United States District Court of South Dakota," not the Defendants. Id. at 3. And the filing of his motion does not provide Defendants with notice because he has not paid the filing fee and his Motion for Leave to Proceed in Forma Pauperis remains pending. Without Monroe having paid the filing fee or having been granted leave to proceed in forma pauperis, Defendants have not yet been served process in this case. Thus, without any evidence to the contrary, this Court assumes the unserved Defendants have not received notice of Monroe's request for a preliminary injunction based solely on the filing of his motion. Accordingly, this Court cannot issue a preliminary injunction.

For similar reasons, this Court must once again deny Monroe's request for a temporary restraining order. As explained in this Court's first order: although Monroe's Complaint is titled

"verified complaint," he does not satisfy the procedural requirements for an ex parte TRO. See Doc. 1. He did not include with his Complaint a notarized affidavit, and his Complaint includes no statement declaring under the penalty of perjury that its content is true and correct. See id. And, even if Monroe's Complaint were verified, he has not "certifie[d] in writing any efforts made to give notice [to Defendants] and the reasons why [notice] should not be required." Fed. R. Civ. P. 65(b)(1)(B).

## II.    Motion to Extend Deadlines

More recently, Monroe moved for an extension of time "to comPLy with the couRts DeadLines & to File Additional PleAdinGs or ResPonses related to the onGoinG LitiGAtion." Doc. 9 at 1. This Court has not imposed any deadlines upon Monroe, and he does not specify which deadlines he is referring to. His motion, however, appears to be a veiled attempt to secure a temporary restraining order without having to comply with Rule 65(b). For example, his motion requests a 30 day extension and "[a]n inFoRmaL Request that no Retaliatory or PrejudiciAL Actions be taken during this PeRiod." Doc. 9 at 4.

As explained above, Monroe has not demonstrated that he has standing to pursue his asserted claims, and he has not shown compliance with Rule 65(b), which is necessary to obtain an order temporarily restraining the Defendants' actions. Moreover, this Court's past order did not impose any deadlines, and Monroe has not specified which deadlines he seeks to amend. Thus, his motion to extend deadlines is denied.

## III.    Motion to Proceed in Forma Pauperis

Usually, all litigants initiating a civil lawsuit in federal court must pay a filing fee of $405. 28 U.S.C. § 1914(a); Fee Schedule, U.S. Dist. Ct. Dist. of S.D. (Dec. 1, 2023), https://www.sdd.uscourts.gov/2017fees. The court may permit the filing of a civil action without

payment of the filing fee if the litigant applies to proceed in forma pauperis and shows that he or she is financially unable to pay the filing fee without serious hardship. 28 U.S.C. § 1915(a). "In considering a request to proceed in forma pauperis, the court will compare an applicant's monthly income and cash on hand to [his or] her monthly expenses and financial obligations." Stergen v. Stergen, No. 23-CV-1231, 2023 WL 6795409, at *1 (E.D. Mo. Oct. 13, 2023) (quoting Bey v. Kelly, No. 21-2367, 2021 WL 4713416, at *1 (D. Kan. Sept. 8, 2021). Whether to grant a litigant's motion to proceed in forma pauperis is a matter left to the sound discretion of the district court. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983).

Proceeding in forma pauperis is a privilege, not a right. Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). In exercising its discretion, the court "must determine whether the burden of paying the fees for filing and service would either hamper the petitioner's ability to obtain the necessities of life or force him [or her] to abandon the action." Davis v. NYS Dep't of Lab., 21-CV-690, 2021 WL 9455716, at *1 (W.D.N.Y June 28, 2021) (alteration in original) (quoting Singer v. Cuscovitch, No. 07-CV-578, 2007 WL 1810085, at *1 (D. Conn. May 14, 2007)). Although in forma pauperis status is not reserved only for those instances when paying the filing fee would leave the plaintiff absolutely destitute, see, e.g., Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000), a court "must be rigorous [in its analysis] . . . to ensure that the treasury is not unduly imposed upon." In re Mock, 252 F. App'x 522, 523 (3d Cir. 2007) (second alteration in original) (quoting Walker v. People Express Airlines, Inc., 886 F.2d 598, 601 (3d Cir. 1989)).

A court may deny a motion for leave to proceed in forma pauperis when the plaintiff submits an incomplete application—for example, when the plaintiff's application lists no expenses. See Davis, 2021 WL 9455716, at *2; Gooch v. Mission Lane, CV 323-086, 2023 WL

8696337, at *1, 3 (S.D. Ga. Oct. 31, 2023) (denying IFP application when plaintiff does not list expenses for food, clothing, or other essentials, even when other expenses are listed); Stephens v. Principle, No. 24-952, 2024 WL 4008236, at *1–2 (W.D. Pa. Aug. 30, 2024) (denying in forma pauperis when application "lists no monthly expenses, dependents, debts, or financial obligations"); Alexander v. JP Morgan Chase Bank, 19-CV-10811, 2024 WL 2866982, at *1 (S.D.N.Y. June 5, 2024) (denying application when it lists "no average monthly expenses, listing $0 for all categories, including categories such as 'food,' 'transportation,' and 'medical and dental expenses'"); see also Basta v. Comm'r of Soc. Sec., 21-CV-0896, 2021 WL 1108667, at *1 (E.D.N.Y Mar. 23, 2021) (denying in forma pauperis motion where application was "incomplete and raise[d] more questions than it answer[ed]")

With these principles in mind, after reviewing Monroe's application, it lacks the information this Court needs to determine whether he qualifies for in forma pauperis status. Monroe's application lists a total monthly income of $291 in EBT and $650 in assets for a 2000 Chrysler Cirris. Doc. 2 at 2–3. Under the section asking Monroe to estimate his average monthly expenses for himself and his family, he lists $0 for every category, except for food. There, his expenses match his EBT income. He also leaves sections relating to "Rent," "Utilities," "Home maintenance," "Clothing," "Laundry and dry-cleaning," "Medical and dental expenses," and "Transportation" blank. Id. at 4. He also does not list any expenses relating to his vehicle ownership, such as insurance or registration.

Monroe's application also raises more questions than it answers. Question 12 askes the applicant to "Identify the city and state of your legal residence." Monroe answered, "Homeless," which is at odds with the nature of his lawsuit: an action to stop eviction proceedings. In this Court's eyes, an eviction action would necessarily imply that Monroe has expenses related to

rent that he failed to list. More perplexing, the address included in Monroe's signature block in his Motion for a Preliminary Injunction is an address for a single family residence in Sioux Falls, South Dakota. Doc. 7 at 3. And that address is different than the address at which he seeks to stop eviction proceedings—638 White Swan Rd., Lake Andes, SD 57356.

In short, Monroe "has provided vague and/or incomplete responses to requests for relevant information" on his application. Stephens, 2024 WL 4008236, at *2. As a result, this Court is unable assess whether it should exercise its discretion to grant his motion to proceed in forma pauperis. To scrutinize Monroe's application in a manner faithful to this Court's duty, it must make its decision on "a full, accurate, and current description of [his] financial situation." Gooch, 2023 WL 8696337, at *1. This Court has a duty, as well as the inherent power, to restrict a litigant's ability to commence litigation in forma pauperis when that privilege is misused. The United States Supreme Court has explained:

> [T]he Court waives filing fees and costs for indigent individuals in order to promote the interests of justice. The goal of fairly dispensing justice, however, is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests. *Pro se* petitioners have a greater capacity than most to disrupt the allocation of judicial resources because they are not subject to the financial considerations—filing fees and attorney's fees—that deter other litigants from filing frivolous petitions.

In re Sindram, 498 U.S. 177, 179–80 (1991) (citing In re McDonald, 489 U.S. 180, 184 (1989)); see also In re Tyler, 839 F.2d 1290, 1292–93 (8th Cir. 1988) (per curiam). This Court does not uphold its duty by blindly granting applications to proceed in forma pauperis that are incomplete or filled out in a vague, half-hazard manner. At the very least, the goal of fairly dispensing justice requires a litigant to thoughtfully and accurately respond to each question on the in forma

pauperis application. Thus, Monroe's application to proceed in forma pauperis shall be denied without prejudice.[1]

## IV. Conclusion

For the reasons stated above, it is hereby

ORDERED that Gregory Allen Monroe's Motion for Preliminary Injunction Relief, Doc. 7, is denied. It is further

ORDERED that Gregory Allen Monroe's Motion to Extend Deadlines, Doc. 9, is denied. It is further

ORDERED that Gregory Allen Monroe has until August 18, 2025, to file exhibits demonstrating that he has standing to pursue his claim to enjoin the eviction proceedings alleged in his Complaint, or file an amended complaint asserting claims for which he has standing to pursue. If Monroe fails to file exhibits demonstrating standing or fails to file an amended complaint by August 18, 2025, his claims shall be dismissed without prejudice. It is further

ORDERED that Gregory Allen Monroe's Motion for Leave to Proceed In Forma Pauperis, Doc. 2, is denied without prejudice; the application is incomplete and raises more questions than it answers. If Monroe wants to proceed with his claims, he must pay the $405 filing fee to the Clerk of Court for the United States District Court for the District of South Dakota or file an amended application showing that he qualifies to proceed in forma pauperis by August 18, 2025. If Monroe submits an amended application, it must contain full and accurate responses to each question on the form, including, but not limited to, all income, past employment history, and

---

[1] Even if this Court were to grant his motion and screen his Complaint under 28 U.S.C. 1915(e), his Complaint would be dismissed for failing to state a claim upon which relief may be granted. Thus, Monroe suffers no prejudice by this Court denying his motion to proceed in forma pauperis and giving him 30 days to file both an amended in forma pauperis motion and an amended complaint.

expenses. If Monroe does not pay the filing fee or fails to submit an amended application by August 18, 2025, his claims shall be dismissed without prejudice and the case closed. It is further

ORDERED that the Clerk of Court shall mail Monroe a blank Long Form Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO 239), along with a copy of this Opinion and Order. It is finally

ORDERED that Monroe's Motion to Electronically File Documents, Doc. 6, is denied.[2]

DATED this 17 day of July, 2025.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

---

[2] Monroe already receives electronic notice of unsealed documents filed in this case, but he has not made a showing of good cause that would warrant this Court granting him electronic filing privileges. Thus, he must continue to file all pleadings and documents in paper format through the Clerk of Court's Office.